UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DUKE THOMAS NGUYEN,

Plaintiff,

v.

CLARK COUNTY DISTRICT ATTORNEY'S OFFICE et al.,

Defendants.

Case No. 2:18-cv-01717-RFB-PAL

ORDER

## I. DISCUSSION

Plaintiff is an inmate in the custody of the Clark County Detention Center. (*See* ECF No. 1-1). Plaintiff initiated this case pro se and filed an application to proceed *in forma pauperis*. (ECF Nos. 1, 1-1). Plaintiff later acquired counsel. (ECF No. 13). On February 15, 2019, Plaintiff, represented by counsel, filed a first amended civil rights complaint pursuant to 42 U.S.C. § 1983. (ECF No. 19).

**A. Filing Fee**

28 U.S.C. § 1914 requires that a party instituting any civil action pay a filing fee. However, 28 U.S.C. § 1915 allows for a party to seek leave to proceed *in forma pauperis*. A plaintiff may only proceed *in forma pauperis* if the supporting affidavit demonstrates that the plaintiff lacks sufficient funds to pay court costs and still afford the necessities of life and if the suit is not frivolous or malicious. Escobedo v. Applebees, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948)). In light of the change of circumstances since Plaintiff initially sought leave to proceed *in forma pauperis*—including the retention of counsel and the filing of the first amended complaint—the Court defers ruling on the pending application to proceed *in forma pauperis*. The Court instructs Plaintiff to, by March 5, 2019, either: (1) file a notice with the Court that he continues to seek in forma pauperis status via his pending

1  application despite the representation of counsel; (2) file a new in forma pauperis
2  application; or (3) withdraw the pending application and pay the required filing fees
3  relating to the first amended complaint. The Court, however, denies Plaintiff's request to
4  approve the application to proceed *in forma pauperis* (ECF No. 10).

**B. Screening**

The general rule under 28 U.S.C. § 1915A is that "[t]he court shall review . . . a complaint in a civil action in which a prisoner seeks redress from the governmental entity or officer or employee of a governmental entity" and "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint" if it is "frivolous, malicious, or fails to state a claim upon which relief can be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a), (b).

Section 1915A does not expressly differentiate between represented and unrepresented prisoner cases with regard to screening, and there is no authority addressing this issue. This Court typically does not screen § 1983 prisoner cases where the Plaintiff is represented by counsel. For one thing, the pleading obligations of an attorney under Fed. R. Civ. P. 11 tend to substantially reduce the incidence of claims that are frivolous or otherwise patently noncognizable on their face. Pro se litigants are not attorneys and should not be expected to know how to draft pleadings as if they were. Judicial screening of prisoner complaints serves to prevent prisoner complaints which are truly difficult, if not impossible to understand, from being served upon defendants. Screening of represented cases to decipher the allegations and claims is usually unnecessary. *See, e.g.*, *Nordstrom v. Ryan*, 762 F.3d 903, 907 n.1 (9th Cir. 2014) (noting that the "purpose of § 1915A is to ensure that the targets of frivolous or malicious suits need not bear the expense of responding"); *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008) (explaining that the PLRA's screening provision was intended to "conserve judicial resources by authorizing district courts to dismiss nonmeritorious prisoner complaints at an early stage"). As such, the Court will not screen this counseled prisoner

case. This case shall proceed on the normal litigation track as guided by the Federal Rules of Civil Procedure.

**II.     CONCLUSION**

For the foregoing reasons, IT IS ORDERED that the Court defers ruling on the pending application for leave to proceed *in forma pauperis* (ECF No. 1).

IT IS FURTHER ORDERED that Plaintiff shall, by no later than March 5, 2019, either:

> (1) file a notice with the Court that he continues to seek *in forma pauperis* status via his pending application at ECF No. 1 in light of the representation of counsel and filing of the first amended complaint;
>
> (2) file a new in forma pauperis application; or,
>
> (3) withdraw the pending application and pay the required filing fees relating to the first amended complaint.

IT IS FURTHER ORDERED that the request for approval (ECF No. 10) is denied.

IT IS FURTHER ORDERED that the Court will not issue a screening order in this case.

IT IS FURTHER ORDERED that this case shall proceed on the normal litigation track as guided by the Federal Rules of Civil Procedure.

DATED this 26th day of February 2019.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE