THE GALLIHER LAW FIRM
Keith E. Galliher, Jr., Esq.
Nevada Bar No. 220
Jeffrey L. Galliher, Esq.
Nevada Bar No. 8078
1850 East Sahara Avenue, Suite 107
Las Vegas, Nevada 89104
Telephone: (702) 735-0049
Facsimile: (702) 735-0204
kgalliher@galliherlawfirm.com
jgalliher@galliherlawfirm.com
Attorneys for Plaintiff

--o0o--

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| DUKE THOMAS NGUYEN,<br><br>Plaintiff,<br><br>v.<br><br>PTS OF AMERICA, LLC, A Foreign Limited Liability Company; U.S. CORRECTIONS, LLC, A Foreign Limited Liability Company; JACOB EVETTS, an Individual; RYAN RIVERA, an Individual; ZACHARY BRANDON, an Individual; MICHAEL COLEMAN, an Individual; TRANSPORTATION EMPLOYEES DOE 1- 10; DOES 11-99 inclusive, ROE CORPORATIONS 100-199, inclusive,<br><br>Defendants. | CASE NO.: 2:18-cv-01717-RFB-PAL |

## **MOTION TO ALLOW SERVICE BY PUBLICATION**

1

COMES NOW, Plaintiff, DUKE THOMAS NGUYEN, by and through counsel of record Jeffrey L. Galliher of THE GALLIHER LAW FIRM and submits to this Honorable Court this Motion to Allow Service by Publication.

This Motions is made and based on F.R.C.P. 4, 6 and 7(b) and is supported by the affidavit of Jeffrey L. Galliher, Esq. counsel for Plaintiff, **Exhibit "1."**

DATED this 4th day of September, 2019.

THE GALLIHER LAW FIRM

*/s/ Jeffrey L. Galliher, Esq.*

_____

Jeffrey L. Galliher, Esq.
Nevada Bar No. 8078
1850 E. Sahara Ave., Suite 107
Las Vegas, NV 89104
*Attorneys for Plaintiff*

**I.**

**FACTUAL BACKGROUND**

On or about May 6, 2019, Plaintiff his Second Amended Complaint against the Defendants PTS OF AMERICA, LLC, U.S. CORRECTIONS, LLC, JACOB EVETTS, RYAN RIVERA, ZACHARY BRANDON, and MICHAEL COLEMAN.

Initially it was understood that Thorndal Armstrong Delk Balkenbush & Eisenger were in agreement in accepting service on behalf of all parties. (**Exhibit 2**) However, once the Second Amended Complaint was filed, it was made known that they were only accepting service on behalf of PTS of America and that Hall Jaffe Clayton would be representing U.S. Corrections and its employees, the remaining defendants. **(Exhibit 3)**

Plaintiff sent the Second Amended Complaint and Summons out for service and in the meantime communicated with Hall Jaffe & Clayton regarding acceptance of service on behalf of their clients.

On June 27, 2019, Plaintiff reached out to opposing counsel Hall, Jaffe & Clayton, LLP to communicate regarding accepting service on behalf of U.S. Corrections and its employees due to the fact that they reside out of state in Florida and Tennessee. **(Exhibit 4)**

On July 17, 2019 and July 25, 2019, Plaintiff again reached out to opposing counsel Hall, Jaffe & Clayton, LLP anticipating some type of response which never happened. **(Exhibit 5 & 6)**

In the meantime, Plaintiff engaged a professional process server to effect service on the U.S. Corrections defendants.

Plaintiff has served defendants PTS of America, LLC and Mark Coleman, Jacob Evetts, and Ryan Rivera. Only the individual service of the remaining Defendant is pending.

Plaintiff has been diligently working with the process server out of Tennessee. Plaintiff has been unsuccessful not only in serving the remaining defendant Zachary Brandon, but the lack of communication from the Tennessee processer server has left us at a standstill. (**See Exhibit 7**)

Plaintiff respectfully requests the court to extend time and allow for service by publication on the remaining Defendant.

# II

# ARGUMENT

A. *<u>The Court May Authorize Service by Publication</u>*

**Rule 4 of the Nevada Rules of Civil Procedure governs service by publication. In particular, N.R.C.P.4.(e)(l)(i) states:**

(i) General. In addition to methods of personal service, when the person on whom service is to be made resides out of the state, or has departed from the state, or cannot, after due diligence, be found within the state, or by concealment seeks to avoid the service of summons, and the fact shall appear, by affidavit, to the satisfaction of the court or judge thereof, and it shall appear, either by affidavit or by a verified complaint on file, that a cause of action exists against the defendant in respect to whom the service is to be made, and that the defendant is a necessary or proper party to the action, such court or judge may grant an order that the service be made by the publication of summons.

Provided, when said affidavit is based on the fact that the party on whom service is to be made resides out of the state, and the present address of the party is unknown, it shall be a sufficient showing of such fact if the affiant shall state generally in such affidavit that at a previous time such person resided out of this state in a certain place (naming the place and stating the latest date known to affiant when such party so resided there); that such place is the last place in which such party resided to the knowledge of affiant; that such party no longer resides at such place; that affiant be found; and that affiant does not know and has never been informed and has no reason to believe that such party now resides in this state; and, in such case, it shall be presumed that such party still resides and remains out of the state, and such affidavit shall be deemed to be a sufficient showing of due diligence to find the defendant. This rule shall apply to all manner of civil actions, including those for divorce.

(ii) Publication. The order shall direct the publication to be made in a newspaper, published in the State of Nevada, to be designated by the court or judge thereof, for a period of 4 weeks, and at least once a week during said time. In addition to in- state publication, where the present residence of the defendant is unknown the order may also direct that publication be made in a newspaper published outside the State of Nevada whenever the court is of the opinion that such publication is necessary to give notice that is reasonably calculated to give a defendant actual notice of the proceedings. In case of publication, where the

    residence of a nonresident or absent defendant is known, the court or judge shall also direct a copy of the summons and complaint to be deposited in the post office, directed to the person to be served at the person's place of residence. The service of summons shall be deemed complete in cases of publication at the expiration of 4 weeks from the first publication, and in cases when a deposit of a copy of the summons and complaint in the post office is also required, at the expiration of 4 week from such deposit.

### B. *The Court Should Extend the Time for Plaintiff to Serve Defendants*

FRCP4(m) provides:

 (i) Summons: TIME LIMIT FOR SERVICE. If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its Rule 4 FEDERAL RULES OF CIVIL PROCEDURE 6 own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1), or to service of a notice under Rule 71.1(d)(3)(A).

In <u>Scrimer v. Eighth Judicial District Court</u>, 116 Nev. 507, 998 P. 2d 1190 (2000), the Supreme Court of Nevada set forth ten factors for consideration when determining whether good cause exists in such cases with respect to NRCP 4. Of relevance in the instant matter are the following factors: (1) difficulties in locating the defendant, (3) the plaintiff's diligence in attempting to serve the defendant, (4) difficulties encountered by counsel (7) the lapse of time between the end of the 90 day period and the actual service of process on the defendant (8) the fact that the Defendants will not be and have not been prejudiced by the requested extension of time. As outlined above, it is clear that Plaintiff is working diligently to effectuate service of the Summons and Second Amended Complaint, Plaintiff has clearly demonstrated that good cause exists and allow Plaintiff to serve the remaining defendant by publication.

5

### III.

### <u>CONCLUSION</u>

In light of the foregoing Application, Point and Authorities, the Affidavit of Due Diligence, and the papers and pleadings on file herein, Plaintiff respectfully request this Court grant an Order allowing Plaintiff to Serve the remaining Defendant by Publication.

DATED this 4th day of September, 2019.

                                            THE GALLIHER LAW FIRM

                                            */s/ Jeffrey L. Galliher, Esq.*
                                            _____
                                            Jeffrey L. Galliher, Esq.
                                            Nevada Bar No. 8078
                                            1850 E. Sahara Ave., Suite 107
                                            Las Vegas, NV 89104
                                            *Attorneys for Plaintiff*

THE GALLIHER LAW FIRM
1850 E. Sahara Avenue, Suite 107
Las Vegas, Nevada 89104
702-735-0049 Fax: 702-735-0204

# EXHIBIT 1

## AFFIDAVIT OF JEFFREY L. GALLIHER, ESQ.

STATE OF NEVADA )
                         )ss:
COUNTY OF CLARK)

**JEFFREY L. GALLIHER, ESQ.** being first duly sworn, deposes and says:

1. I am an attorney licensed to practice law in the State of Nevada and in that capacity make this affidavit on behalf of the Plaintiff herein.

2. The Second Amended Complaint with respect to this matter was filed on May 6, 2019.

3. From the time of the filing of the Second Amended Complaint, Plaintiff has communicated with opposing counsel with regard to accepting service on behalf of Defendants PTS OF AMERICA, LLC, A Foreign Limited Liability Company; U.S. CORRECTIONS, LLC, A Foreign Limited Liability Company; JACOB EVETTS, an Individual; RYAN RIVERA, an Individual; ZACHARY BRANDON, an Individual; MICHAEL COLEMAN, an Individual.

4. The Second Amended Complaint and Summons are currently out for service upon the remaining defendants U.S. CORRECTIONS, LLC, A Foreign Limited Liability Company; JACOB EVETTS, an Individual; RYAN RIVERA, an Individual; ZACHARY BRANDON.

5. The last day to serve the Second Amended Complaint on the Defendants is August 4, 2019.

1

6. Out of an abundance of caution Plaintiff is requesting an additional thirty (30) days after September 3, 2019 within which to serve the Second Amended Complaint. As a result, this affiant prays that this Court enlarge the time for service pursuant to E.D.C.R. 2.20, N.R.C.P 4, 6 and 7(b) up to and including September 3, 2019 at 5:00 p.m.

_____
JEFFREY L. GALLIHER, ESQ.

**SUBSCRIBED AND SWORN** to before me this 2nd day of August, 2019.

_____
**NOTARY PUBLIC**



STACEY RAY
Notary Public-State of Nevada
Appointment No. 18-1147-1
My Appointment Expires Dec. 1, 2021

2

# EXHIBIT 2

| | | |
|---|---|---|
| KEITH E. GALLIHER, JR<br>GEORGE J. KUNZ*<br>JEFFREY L. GALLIHER *<br><br>*Of Counsel | **THE GALLIHER LAW FIRM**<br><br>1850 E. Sahara Avenue, Suite 107<br>Las Vegas, Nevada 89104<br>www.galliher-law.com<br>Tele: 702-735-0049<br>Fax: 702-735-0204 | Paralegals<br><br>DEENA P. MOONEY<br>STACEY RAY<br>KU'U'ELAU FINLEY GOO<br>ASHLEY POURGHAHREMAN |

April 29, 2019

Steven T. Jaffe, Esq.
Hall, Jaffe & Clayton, LLP
7425 Peak Drive
Las Vegas, Nevada 89128

Re: Nguyen v. PTS of America/U.S. Corrections LLC

Dear Mr. Jaffe:

I am in receipt of your correspondence dated April 23, 2019 regarding the above-referenced matter. Please be advised that based upon communications with Brian Terry, Esq. of Thorndal, Armstrong I am in the process of drafting a Second Amended Complaint which will add U.S. Corrections, LLC as a defendant. I anticipate filing that amended complaint this week

With regard to service, on April 16, 2019 Mr. Terry confirmed to me in writing that he is authorized to accept service on behalf of U.S. Corrections. It is my intention to serve the Second Amended Complaint upon U.S. Corrections, LLC through Mr. Terry's office. In the alternative, I will serve U.S. Corrections through Halle, Jaffe & Clayton if that is your preference.

Thank you for your prompt attention and response.

Very truly yours,

THE GALLIHER LAW FIRM

JEFFREY L. GALLIHER, ESQ.

JLG/ap

# EXHIBIT 3

# HJC  HALL JAFFE & CLAYTON, LLP
### ATTORNEYS AT LAW

7425 Peak Drive • Las Vegas, Nevada 89128
Telephone 702.316.4111 • Facsimile 702.316.4114

RILEY A. CLAYTON
STEVEN T. JAFFE [12]
MICHAEL R. HALL [1]
MICHELLE R. SCHWARZ
ASHLIE L. SURUR
KEVIN S. SMITH [8]

RYAN M. VENCI
KATHY A. McCARTHY [5]
ALEKSANDR CHALIMBEKOV [13]
STEPHEN D. STEELE [16]
DANIEL C. TETREAULT
HEATHER M. CALIGUIRE
JON M. LUDWIG
WALTER F. FICK
SETH M. STRICKLAND
JAMES M. BARRINGTON

*Of Counsel*
MONTE HALL [3]

1. Also licensed in Arizona
2. Also licensed in New Jersey
3. Also licensed in Utah
4. Also licensed in California
5. Also licensed in Massachusetts
6. Also licensed in Colorado
7. Also licensed in Texas

April 23, 2019

[Stamp: RECEIVED APR 2 6 2019 BY:]

Keith E. Galliher, Jr., Esq.
Jeffrey Galliher, Esq.
THE GALLIHER LAW FIRM
1850 E. Sahara Avenue, Ste. 107
Las Vegas, NV 89104

Re: **_U.S. CORRECTIONS, LLC adv. Nguyen_**
Insured     : U.S. Corrections, LLC
Claimant    : Duke Thomas Nguyen
Case #      : 2:18-cv-01717-RFB-PAL

Dear Counsel:

Please be advised that this law firm has been retained to represent the interests of U.S. Corrections, LLC regarding the above-referenced matter. I will be managing the day-to-day handling of this file for our firm. I would appreciate it if all future communications be directed to my attention. Please forward a copy of any Proof of Service.

Thank you for your cooperation. Should you have any questions, please feel free to contact me.

Very truly yours,

*Steven T. Jaffe /lh*

STEVEN T. JAFFE

STJ/lh

# EXHIBIT 4

KEITH E. GALLIHER, JR
GEORGE J. KUNZ*
JEFFREY. L. GALLIHER *
KATHLEEH H. GALLAGHER*
*Of Counsel

THE GALLIHER LAW FIRM

1850 E. Sahara Avenue, Suite 107
Las Vegas, Nevada 89104
www.galliher-law.com
Tele: 702-735-0049
Fax: 702-735-0204

Paralegals

DEENA P. MOONEY
STACEY RAY
KU'U'ELAU FINLEY GOO
COLLEEN CRAWFORD

June 27, 2019

<u>Via Facsimile: 702-316-4114</u>
Steven T. Jaffe, Esq.
Hall, Jaffe & Clayton, LLP
7425 Peak Drive
Las Vegas, Nevada 89128

Re:   Nguyen v. PTS of America/U.S. Corrections LLC et al.

Dear Mr. Jaffe:

As you are aware, I represent Plaintiff in the above-reference matter. The Second Amended Complaint which added U.S. Corrections, LLC as a defendant has now been filed. Please advise whether you will be accepting service on behalf of U.S. Corrections and its employee drivers.

If you agree to accept service on their behalf, I will prepare and deliver to you the acceptance of service for your signature along with copies of the issued summons and complaint.

Thank you for your prompt attention and response.

Very truly yours,

THE GALLIHER LAW FIRM

/s/ Jeffrey L. Galliher, Esq.
JEFFREY L. GALLIHER, ESQ.

JLG/cc

# EXHIBIT 5

# EXHIBIT 6

# Colleen Crawford

| | |
|---|---|
| **From:** | Colleen Crawford |
| **Sent:** | Wednesday, July 17, 2019 8:35 AM |
| **To:** | 'sjaffe@lawhjc.com' |
| **Cc:** | Jeff Galliher |
| **Subject:** | Nguyen v. PTS of America/U.S. Corrections, LLC, et. al; |
| **Attachments:** | 2019.6.26 Correspondence Regarding Acceptance of Service.pdf |

Good Morning Mr. Jaffe,

On June 27, 2019 Mr. Galliher sent correspondence to you office via facsimile asking if you would be agreeable in accepting service of the Second Amended Complaint on behalf of Defendant U.S. Corrections and its employee drivers. A response has not been received so I am reaching out to you to see if you are agreeable to the above. Please advise of your decision at your earliest convenience. I will them prepare and deliver to you the acceptance of service for your signature along with copies of the issued summons and complaint.

Thank you for your time and courtesy to this matter.

Colleen Crawford
Paralegal to Jeffrey L. Galliher, Esq.
The Galliher Law Firm
1850 E. Sahara Ave., Ste. 107
Las Vegas, NV 89104
Telephone: (702) 735-0049
Email: ccrawford@galliherlawfirm.com

Exhibit 7

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address) | FOR COURT USE ONLY |
|---|---|
| Jeffrey L. Gilliher<br>The Galliher Law Firm<br>1850 E. Sahara Ave. Ste. 107   Las Vegas, NV 89104 | |
| TELEPHONE NO.:    FAX NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name):    Client File # | |

| UNITED STATES DISTRICT COURT |
|---|
| STREET ADDRESS: 333 S. LAS VEGAS BLVD |
| CITY AND ZIP CODE: LAS VEGAS, NV 89101 |

| PLAINTIFF/PETITIONER: Duke Thomas Nguyen |
|---|
| DEFENDANT/RESPONDENT: PTS Of America, LLC; et al |

| DECLARATION OF DILIGENCE | CASE NUMBER:<br>2:18-cv-01717-RFB-PAL |
|---|---|

I received the within assignment for filing and/or service on September 4, 2019 and that after due and diligent effort I have not been able to serve said person. I attempted service on this servee on the following dates and times:

   Servee:   Zachary Brandon

   Documents:   Summons in a Civil Action; Second Amended Complaint And Demand For Jury Trial;

As enumerated below:

9/4/2019 -- 12:23 PM 408 N 2nd St, Union City, TN 382613216
   I hired a Process Server out of TN - West Tennessee Process Inc., Jeremy Ballinger to serve subject on June 25 2019. I have repeatedly asked the server for statuses and finally an affidavit of non-service. To this date I have not reeceived an affidavit or specific dates. This is what he has sent me: " From: Jeremy Ballinger Balllingerjeremy@gmail.com> Sent: Friday, August 30, 2019 9:09 AMTo: office@ccpslv.comSubject: Re: NAPPS InquiryNon served.  Unable to locate at this address after four attempts Jeremy Ballinger
   Helene Falkner



Registration No.: R-101095
Clark County Process Service LLC
720 E Charleston Blvd, Suite 140
Las Vegas, NV 89104
State License #2031C

I declare under penalty of perjury under the laws of the State of Nevada that the foregoing is true and correct.

Signature: _____
                              Helene Falkner



DECLARATION OF DILIGENCE                              Order#: CC22278/DilFormat.mdl