BRIAN K. TERRY, ESQ.
Nevada Bar No. 3171
THORNDAL ARMSTRONG DELK
 BALKENBUSH & EISINGER
1100 East Bridger Avenue
Las Vegas, NV 89101-5315
 Mail To:
 P.O. Box 2070
 Las Vegas, NV 89125-2070
Tel.: (702) 366-0622
Fax: (702) 366-0327
E-Mail: bterry@thorndal.com
Attorney for Defendant,
PTS of America, LLC

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DUKE THOMAS NGUYEN<br><br>Plaintiff,<br><br>vs.<br><br>PTS OF AMERICA, LLC, A Foreign Limited Liability Company; U.S. CORRECTIONS, LLC, A Foreign Limited Liability Company; JACOB EVETTS, an Individual; RYAN RIVERA, an Individual; ZACHARY BRANDON, an Individual; MICHAEL COLEMAN, an Individual; TRANSPORTATION EMPLOYEES DOE 1 – 10; DOES 11-99 inclusive, ROE CORPORATIONS 100-199, inclusive<br><br>Defendants. | CASE NO. 2:18-cv-01717-RFB-PAL<br><br>**DEFENDANT PTS OF AMERICA, LLC'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT** |

**DEFENDANT PTS OF AMERICA, LLC'S ANSWER TO
PLAINTIFF'S SECOND AMENDED COMPLAINT**

///

///

-1-

COMES NOW, defendant, PTS of America, LLC (herein after defendant), by and through their counsel of record, Thorndal Armstrong Delk Balkenbush and Eisinger, and for their answer to plaintiff's second amended complaint on file herein, admits, denies and alleges as follows:

### JURY DEMAND

1. No charging allegations are contained in paragraph 1 to which this answering defendant need reply. Only a request for jury demand is contained therein. However, if any charging allegations are contained in paragraph 1, same are denied.

### JURISDICTION AND PARTIES

2. This answering defendant is without knowledge or information sufficient to form a belief as the truth of the allegations contained in paragraph 2 of plaintiff's second amended complaint, and therefore denies the same.

3. This answering defendant is without knowledge or information sufficient to form a belief as the truth of the allegations contained in paragraph 3 of plaintiff's second amended complaint, and therefore denies the same.

4. This answering defendant is without knowledge or information sufficient to form a belief as the truth of the allegations contained in paragraph 4 of plaintiff's second amended complaint, and therefore denies the same.

5. This answering defendant is without knowledge or information sufficient to form a belief as the truth of the allegations contained in paragraph 5 of plaintiff's second amended complaint, and therefore denies the same.

6. This answering defendant herein denies the allegations therein.

///

///

7. This answering defendant is without knowledge or information sufficient to form a belief as the truth of the allegations contained in paragraph 7 of plaintiff's second amended complaint, and therefore denies the same.

8. This answering defendant herein denies the allegations therein.

9. This answering defendant herein denies the allegations therein.

10. This answering defendant herein denies the allegations therein.

11. This answering defendant herein denies the allegations therein.

12. This answering defendant herein denies the allegations therein.

13. This answering defendant herein denies the allegations therein.

14. This answering defendant herein denies the allegations therein.

## GENERAL ALLEGATIONS

15. This answering defendant repeats and realleges each and every response to paragraphs 1 through 14 of plaintiff's second amended complaint as if set forth therein.

16. No charging allegations are contained in paragraph 16 to which this answering defendant need reply. Only a factual recitation is contained therein. However, if any charging allegations are contained in paragraph 16, same are denied.

17. No charging allegations are contained in paragraph 17 to which this answering defendant need reply. Only a factual recitation is contained therein. However, if any charging allegations are contained in paragraph 17, same are denied.

18. No charging allegations are contained in paragraph 18 to which this answering defendant need reply. Only a factual recitation is contained therein. However, if any charging allegations are contained in paragraph 18, same are denied.

///

///

19. No charging allegations are contained in paragraph 19 to which this answering defendant need reply. Only a factual recitation is contained therein. However, if any charging allegations are contained in paragraph 19, same are denied.

20. No charging allegations are contained in paragraph 20 to which this answering defendant need reply. Only a factual recitation is contained therein. However, if any charging allegations are contained in paragraph 20, same are denied.

21. No charging allegations are contained in paragraph 21 to which this answering defendant need reply. Only a factual recitation is contained therein. However, if any charging allegations are contained in paragraph 21, same are denied.

22. No charging allegations are contained in paragraph 22 to which this answering defendant need reply. Only a factual recitation is contained therein. . However, if any charging allegations are contained in paragraph 22, same are denied.

23. No charging allegations are contained in paragraph 23 to which this answering defendant need reply. Only a factual recitation is contained therein. However, if any charging allegations are contained in paragraph 23, same are denied.

24. No charging allegations are contained in paragraph 24 to which this answering defendant need reply. Only a factual recitation is contained therein. However, if any charging allegations are contained in paragraph 24, same are denied.

25. No charging allegations are contained in paragraph 24 to which this answering defendant need reply. Only a factual recitation is contained therein. However, if any charging allegations are contained in paragraph 25, same are denied.

26. This answering defendant is without knowledge or information sufficient to form a belief as the truth of the allegations contained in paragraph 26 of plaintiff's second amended complaint, and therefore denies the same.

27. No charging allegations are contained in paragraph 24 to which this answering defendant need reply. Only a factual recitation is contained therein. However, if any charging allegations are contained in paragraph 27, same are denied.

28. This answering defendant is without knowledge or information sufficient to form a belief as the truth of the allegations contained in paragraph 28 of plaintiff's second amended complaint, and therefore denies the same.

29. No charging allegations are contained in paragraph 29 to which this answering defendant need reply. Only a factual assertion is contained therein. However, if any charging allegations are contained in paragraph 29, same are denied.

30. No charging allegations are contained in paragraph 30 to which this answering defendant need reply. Only a factual assertion is contained therein. However, if any charging allegations are contained in paragraph 30, same are denied.

31. No charging allegations are contained in paragraph 31 to which this answering defendant need reply. Only a factual assertion is contained therein. However, if any charging allegations are contained in paragraph 31, same are denied.

32. No charging allegations are contained in paragraph 32 to which this answering defendant need reply. Only a factual assertion is contained therein. However, if any charging allegations are contained in paragraph 32, same are denied.

33. This answering defendant herein denies the allegations therein.

34. No charging allegations are contained in paragraph 34 to which this answering defendant need reply. Only a factual assertion is contained therein. However, if any charging allegations are contained in paragraph 34, same are denied.

35. This answering defendant is without knowledge or information sufficient to form a belief as the truth of the allegations contained in paragraph 35 of plaintiff's second amended complaint, and therefore denies the same.

36. This answering defendant is without knowledge or information sufficient to form a belief as the truth of the allegations contained in paragraph 36 of plaintiff's second amended complaint, and therefore denies the same.

37. This answering defendant herein denies the allegations therein.

38. This answering defendant herein denies the allegations therein.

39. This answering defendant is without knowledge or information sufficient to form a belief as the truth of the allegations contained in paragraph 39 of plaintiff's second amended complaint, and therefore denies the same.

40. This answering defendant is without knowledge or information sufficient to form a belief as the truth of the allegations contained in paragraph 40 of plaintiff's second amended complaint, and therefore denies the same.

41. This answering defendant is without knowledge or information sufficient to form a belief as the truth of the allegations contained in paragraph 41 of plaintiff's second amended complaint, and therefore denies the same.

42. This answering defendant is without knowledge or information sufficient to form a belief as the truth of the allegations contained in paragraph 42 of plaintiff's second amended complaint, and therefore denies the same.

43. This answering defendant is without knowledge or information sufficient to form a belief as the truth of the allegations contained in paragraph 43 of plaintiff's second amended complaint, and therefore denies the same.

44. This answering defendant is without knowledge or information sufficient to form a belief as the truth of the allegations contained in paragraph 44 of plaintiff's second amended complaint, and therefore denies the same.

45. This answering defendant is without knowledge or information sufficient to form a belief as the truth of the allegations contained in paragraph 45 of plaintiff's second amended complaint, and therefore denies the same.

46. This answering defendant herein denies the allegations therein.

47. This answering defendant herein denies the allegations therein.

48. This answering defendant is without knowledge or information sufficient to form a belief as the truth of the allegations contained in paragraph 48 of plaintiff's second amended complaint, and therefore denies the same.

49. This answering defendant herein denies the allegations therein.

50. This answering defendant is without knowledge or information sufficient to form a belief as the truth of the allegations contained in paragraph 50 of plaintiff's second amended complaint, and therefore denies the same.

51. This answering defendant herein denies the allegations therein.

52. This answering defendant herein denies the allegations therein.

53. This answering defendant herein denies the allegations therein.

54. This answering defendant herein denies the allegations therein.

55. This answering defendant herein denies the allegations therein.

56. This answering defendant herein denies the allegations therein.

57. This answering defendant herein denies the allegations therein.

58. This answering defendant herein denies the allegations therein.

59. No charging allegations are contained in paragraph 59 to which this answering defendant need reply. Only a factual assertion is contained therein. However, if any charging allegations are contained in paragraph 59, same are denied.

60. This answering defendant herein denies the allegations therein.

61. This answering defendant herein denies the allegations therein.

62. This answering defendant herein denies the allegations therein.

63. This answering defendant herein denies the allegations therein.

64. This answering defendant herein denies the allegations therein.

65. This answering defendant herein denies the allegations therein.

66. This answering defendant herein denies the allegations therein.

67. This answering defendant is without knowledge or information sufficient to form a belief as the truth of the allegations contained in paragraph 67 of plaintiff's second amended complaint, and therefore denies the same.

68. This answering defendant herein denies the allegations therein.

69. This answering defendant herein denies the allegations therein.

70. No charging allegations are contained in paragraph 70 to which this answering defendant need reply. Only a factual assertion is contained therein. However, if any charging allegations are contained in paragraph 70, same are denied.

71. This answering defendant herein denies the allegations therein.

72. This answering defendant herein denies the allegations therein.

73. This answering defendant herein denies the allegations therein.

### FIRST CLAIM FOR RELIEF
### Violation of 42 U.S.C. § 1983
### Eighth Amendment Prohibition Against Cruel and Unusual Punishment
### (Against Individual Defendants)

74. This answering defendant repeats and realleges each and every response to paragraphs 1 through 73 of plaintiff's second amended complaint as if set forth therein.

75. No charging allegations are contained in paragraph 75 to which this answering defendant need reply. Only a recitation of 42 U.S.C. § 1983 is included therein. However, if any charging allegations are contained in paragraph 75, same are denied.

-8-

76. This answering defendant is without knowledge or information sufficient to form a belief as the truth of the allegations contained in paragraph 76 of plaintiff's second amended complaint, and therefore denies the same.

77. No charging allegations are contained in paragraph 77 to which this answering defendant need reply. Only a legal assertion is contained therein. However, if any charging allegations are contained in paragraph 77, same are denied.

78. This answering defendant is without knowledge or information sufficient to form a belief as the truth of the allegations contained in paragraph 78 of plaintiff's second amended complaint, and therefore denies the same.

79. This answering defendant herein denies the allegations therein.

80. This answering defendant herein denies the allegations therein.

81. This answering defendant herein denies the allegations therein.

82. This answering defendant herein denies the allegations therein.

83. This answering defendant herein denies the allegations therein.

84. This answering defendant herein denies the allegations therein.

85. This answering defendant herein denies the allegations therein.

86. This answering defendant herein denies the allegations therein.

87. This answering defendant herein denies the allegations therein.

88. This answering defendant herein denies the allegations therein.

### SECOND CLAIM FOR RELIEF
### Violation of 42 U.S.C. § 1983
### Eighth Amendment Prohibition Against Cruel and Unusual Punishment
### (Against PTS and/or U.S. Corrections Defendants)

89. This answering defendant repeats and realleges each and every response to paragraphs 1 through 88 of plaintiff's second amended complaint as if set forth therein.

90. No charging allegations are contained in paragraph 90 to which this answering defendant need reply. Only a recitation of 42 U.S.C. § 1983 is included therein. However, if any charging allegations are contained in paragraph 90, same are denied.

91. This answering defendant herein denies the allegations therein.

92. No charging allegations are contained in paragraph 92 to which this answering defendant need reply. Only a legal assertion is contained therein. However, if any charging allegations are contained in paragraph 92, same are denied.

93. This answering defendant herein denies the allegations therein.

94. This answering defendant herein denies the allegations therein.

95. This answering defendant herein denies the allegations therein.

96. This answering defendant herein denies the allegations therein.

97. This answering defendant herein denies the allegations therein.

98. This answering defendant herein denies the allegations therein.

99. This answering defendant herein denies the allegations therein.

100. No charging allegations are contained in paragraph 100 to which this answering defendant need reply. Only a factual assertion is contained therein. However, if any charging allegations are contained in paragraph 100, same are denied.

101. This answering defendant herein denies the allegations therein.

102. This answering defendant herein denies the allegations therein.

103. This answering defendant herein denies the allegations therein.

104. This answering defendant herein denies the allegations therein.

105. This answering defendant herein denies the allegations therein.

106. This answering defendant herein denies the allegations therein.

107. This answering defendant herein denies the allegations therein.

108. This answering defendant herein denies the allegations therein.

109. This answering defendant herein denies the allegations therein.

### THIRD CLAIM FOR RELIEF
### Negligence/Negligent Hiring Training and Supervision
### (Against PTS and/or U.S. Corrections Defendants)

110. This answering defendant repeats and realleges each and every response to paragraphs 1 through 109 of plaintiff's second amended complaint as if set forth therein.

111. This answering defendant is without knowledge or information sufficient to form a belief as the truth of the allegations contained in paragraph 111 of plaintiff's second amended complaint, and therefore denies the same.

112. This answering defendant is without knowledge or information sufficient to form a belief as the truth of the allegations contained in paragraph 112 of plaintiff's second amended complaint, and therefore denies the same.

113. This answering defendant herein denies the allegations therein.

114. This answering defendant herein denies the allegations therein.

115. This answering defendant herein denies the allegations therein.

116. No charging allegations are contained in paragraph 116 to which this answering defendant need reply. Only a legal assertion is contained therein. However, if any charging allegations are contained in paragraph 116, same are denied.

117. This answering defendant herein denies the allegations therein.

118. This answering defendant herein denies the allegations therein.

119. This answering defendant herein denies the allegations therein.

120. This answering defendant herein denies the allegations therein.

121. This answering defendant herein denies the allegations therein.

122. This answering dedondant herein denies the allegations therein.

123. This answering defendant herein denies the allegations therein.

124. This answering defendant herein denies the allegations therein.

125. This answering defendant herein denies the allegations therein.

126. This answering defendant herein denies the allegations therein.

## FOURTH CLAIM FOR RELIEF
### Negligence/Respondeat Superior

127. This answering defendant repeats and realleges each and every response to paragraphs 1 through 126 of plaintiff's second amended complaint as if set forth therein.

128. This answering defendant herein denies the allegations therein.

129. This answering defendant herein denies the allegations therein.

130. This answering defendant herein denies the allegations therein.

131. This answering defendant herein denies the allegations therein.

132. This answering defendant herein denies the allegations therein.

133. This answering defendant herein denies the allegations therein.

134. This answering defendant herein denies the allegations therein.

135. This answering defendant herein denies the allegations therein.

136. This answering defendant herein denies the allegations therein.

137. This answering defendant herein denies the allegations therein.

138. This answering defendant herein denies the allegations therein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's second amended complaint fails to state a claim upon which relief can be granted against this answering defendant.

///

///

-12-

## SECOND AFFIRMATIVE DEFENSE

The liability of defendants herein, if any, is several.

## THIRD AFFIRMATIVE DEFENSE

Any damages sustained by plaintiff was do to an act of god and not contributed to by any act or omission of this answering defendant.

## FOURTH AFFIRMATIVE DEFENSE

The occurrence referred to in plaintiff's second amended complaint and all damages, if any, arising therefrom, were caused by the acts or omissions of a third person or persons over whom this answering defendant had no control.

## FIFTH AFFIRMATIVE DEFENSE

This answering defendant alleges that plaintiff was negligent in failing to exercise reasonable care for his own safety during the events described in plaintiff's second amended complaint, including, but not limited to, his failure to fasten his seatbelt. Such negligence was a proximate cause and contributing factor to the injuries allegedly sustained resulting from the accident referred to in plaintiff's second amended complaint.

## SIXTH AFFIRMATIVE DEFENSE

At all times and places alleged in plaintiff's second amended complaint the negligence, misconduct and fault of the plaintiff exceeds that of this answering defendant if any, and plaintiff there by barred from any recovery against this answering defendant.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his damages.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovering any special damages herein for failure to specifically allege the types of special damages claimed, pursuant to Rule 9, FRCP.

### NINTH AFFIRMATIVE DEFENSE

Under the laws of this jurisdiction and or any applicable laws of any other jurisdiction, if any, punitive damages are not recoverable.

### TENTH AFFIRMATIVE DEFENSE

Punitive damages are not recoverable against this answering defendant as no facts exist to support the allegation that this answering defendant was guilty of malice, oppression or fraud.

### ELEVENTH AFFIRMATIVE DEFENSE

The statutory requisites for punitive damages have not been pled, thus are not available to plaintiff.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff is constrained from asserting any claims against this answering defendant because plaintiff has not come before this court with clean hands.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's second amended complaint is barred by the applicable Doctrine of Laches.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's second amended complaint is barred by the applicable statute of limitations

### FIFTEENTH AFFIRMATIVE DEFENSE

Defendant alleges that plaintiff has failed to name a party necessary for full and adequate relief essential in this action.

///

///

-14-

## SIXTEENTH AFFIRMATIVE DEFENSE

This answering defendant alleges that the conduct by it was not the cause nor proximate cause of any injury allegedly sustained by plaintiff.

## SEVENTEENTH AFFIRMATIVE DEFENSE

This answering defendant alleges that the damages, if any, to plaintiff were, as alleged in plaintiff's second amended complaint, proximately caused by new, independent and efficient intervening cause and not by any alleged negligence on the part of this answering defendant.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff is estopped from asserting any cause of action what so ever against this answering defendant.

## NINETEENTH AFFIRMATIVE DEFENSE

This answering defendant alleges this court has no subject matter jurisdiction over the action.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff, by his acts and conduct has waived and abandoned any and all claims as alleged herein against this answering defendant.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

This answering defendant alleges there was no joint activity or conspiracy of any sort between defendants herein.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

This answering defendant is not subject to suit upon the facts and conclusions as stated in plaintiff's second amended complaint by reasons that this answering defendant is entitled to immunity as afforded by appropriate Nevada Statute.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

This answering defendant is not liable to plaintiff for any violation allegedly sustained under 42 U.S.C. § 1983.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Pursuant to FRCP 11 all possible affirmative defenses may not have been alleged herein insofar as sufficient facts were not available after reasonable inquiry upon the filing of defendant, PTS of America, LLC's answer to plaintiff's second amended complaint, and therefore, this answering defendant reserves the right to amend its answer to the complaint to allege additional affirmative defenses if subsequent investigation so warrants.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

All risks and dangers involved in the factual situation described in plaintiff's second amended complaint were open, obvious and known to plaintiff, and plaintiff voluntarily assumes said risks and dangers.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Punitive damages are not recoverable against this answering defendant as no facts exist to support the allegation that the conduct of this answering defendant was reckless or taken with wanton disregard for the constitutional rights of plaintiff.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is constrained from invoking any equitable jurisdiction and an equitable remedy because plaintiff has not come before this court with clean hands.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

The damages, if any, incurred by plaintiff, are not attributable to any act, conduct or omission on the part of this answering defendant, and defendant denies that it was negligent in any manner or in degree with respect to the matter set forth in plaintiff's complaint.

## **PRAYER FOR RELIEF**

WHEREFORE, defendant, PTS of America, LLC, prays for judgment as follows:

1. That plaintiff takes nothing by reason of the second amended complaint on file herein;

2. That the same be dismissed with prejudice; and

3. This answering defendant be awarded costs and reasonable attorney's fees incurred herein

DATED this 29th day of October, 2019.

THORNDAL, ARMSTRONG, DELK,
BALKENBUSH & EISINGER

*/s/ Brian K. Terry*

Brian K. Terry, Esq.
Nevada Bar No. 003171
1100 East Bridger Avenue
Las Vegas, NV 89101-5315
  Mail To:
  P.O. Drawer 2070
  Las Vegas, NV 89125-2070
Tel.: (702) 366-0622
Fax: (702) 366-0327
E-Mail: bterry@thorndal.com
Attorney for Defendant,
PTS of America, LLC

## CERTIFICATE OF SERVICE

Pursuant to NRCP Rule 5(b), on the 29th day of October, 2019, service of **DEFENDANT PTS OF AMERICA, LLC'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT** was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following individuals at the following electronic mail addresses:

| NAME | TEL., FAX & E-MAILS | PARTY REPRESENTING |
|---|---|---|
| Keith E. Galliher, Esq.<br>Jeffrey L. Galliher, Esq.<br>The Galliher Law Firm<br>1850 East Sahara Ave., Suite 107<br>Las Vegas, NV 89104 | Tel.: (702) 735-0049<br>Fax: (702) 735-0204<br><br>E-Mail:<br>kgalliher@galliherlawfirm.com<br>jgalliher@galliherlawfirm.com | Plaintiff, Duke Thomas Nguyen |
| Steven T. Jaffe, Esq.<br>Monte Hall, Esq.<br>Taylor R. Anderson, Esq.<br>Hall Jaffe & Clayton, LLP<br>7425 Peak Drive<br>Las Vegas, Nevada 89128 | Tel.: (702) 316-4111<br>Fax: (702) 316-4114<br><br>E-Mail:<br>sjaffe@lawhjc.com<br>montehall@lawhjc.com<br>tanderson@lawhjc.com | Defendant,<br>U.S. Corrections, LLC, Jacob Evetts, Ryan Rivera, Zachary Brandon, and Michael Coleman |

/s/ JQ Anderson
An employee of THORNDAL, ARMSTRONG, DELK, BALKENBUSH & EISINGER

-18-