# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Duke Thomas Nguyen,<br><br>    Plaintiff,<br><br>v.<br><br>PTS of America, LLC., et al.,<br><br>    Defendant. | Case No. 2:18-cv-01717-RFB-BNW<br><br>**ORDER** |

Before the Court is plaintiff Duke Thomas Nguyen's motion to extend the time to serve defendant Zachary Brandon and to permit service upon Brandon by publication under the Nevada Rules of Civil Procedure ("NRCP"). (ECF No. 62.) The Court will extend the time for service because although Nguyen failed to establish good cause, he did establish excusable neglect. However, the Court will deny, without prejudice, the motion for service by publication because Nguyen addressed hardly any of NRCP 4.4(c)'s requirements. If Nguyen desires to file a new motion for this relief, he must do so by March 30, 2020, and he must contend with all of NRCP 4.4(c)'s requirements.

**I.    Background.**

Nguyen filed the operative complaint in this matter on May 6, 2019. (ECF No. 48.) Nguyen invokes the Court's federal question jurisdiction and asserts that defendants violated his rights under the United States Constitution, in violation of 42 U.S.C. § 1983. *Id.* at 2, 14–21.

The named defendants in this action are U.S. Corrections, LLC, PTS of America, LLC, Jacob Evetts, Ryan Rivera, Zachary Brandon, and Michael Coleman. *Id.* at 1. Nguyen filed proofs of service as to PTS of America on March 11, 2019 (ECF No. 32), U.S. Corrections on September 6, 2019 (ECF No. 65), and Evetts on September 11, 2019 (ECF No. 66). On August 14, 2019, this

Court granted Nguyen's motion to the extend the time for service of Rivera and Brandon to September 3, 2019. (ECF No. 61.)

On September 4, 2019, Nguyen filed the underlying motion to again extend the time for service, this time only as to Brandon. (ECF No. 64 at 2.) Nguyen purports to have served Coleman and Rivera (*Id.*) but he has not filed proofs of service relating to those individuals.[1]

**II.  Discussion.**

    **A.  Time for service.**

Rule 4 provides that plaintiff must serve defendant "within 90 days after the complaint is filed." FED. R. CIV. P. 4(m). Rule 4(m) requires a two-step analysis to determine whether to extend the time for service. *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). At the first step, the Court "must" extend the time for service "upon a showing of good cause." *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009). At the second step, the Court "may" extend the time for service "upon a showing of excusable neglect." *In re Sheehan*, 253 F.3d at 512. The Court's discretion at the second step is broad. *Id.*

Courts must determine on a case-by-case basis whether the serving party has shown good cause. *Id.* Generally, good cause is equated with diligence. *Townsel v. Contra Costa Cnty., Cal.*, 820 F.2d 319, 320 (9th Cir. 1987). A showing of good cause requires more than inadvertence or mistake of counsel. *Id.* "[A]t a minimum, good cause means excusable neglect." *In re Sheehan*, 253 F.3d at 512 (quotation omitted).

Here, the Court finds that, at the first step, Nguyen has not established good cause to extend the time for service because he has not been diligent in his efforts to serve Brandon. To begin, the Court notes that in his earlier motion to extend the time to serve Brandon—filed August 5, 2019—Nguyen attached an affidavit by his counsel, Jeffrey Galliher. (ECF No. 58 at 8–9.) The Court granted Nguyen's motion and extended the time for service to September 9,

---

[1] Nguyen is instructed to file proofs of service as to Coleman and Rivera within thirty days or the Court will issue an order to show cause for why the Court should not recommend dismissal of those defendants given that Nguyen has not established proper service under Rule 4. *See* FED. R. CIV. P. 4(c).

2019, because it found, based in part on Mr. Galliher's affidavit, that Nguyen had established good cause. (ECF No. 61.)

One month after Nguyen filed his earlier motion, he filed the underlying motion to again extend the time for service **and he attached the exact same affidavit.** (ECF No. 62 at 8–9.) The Galliher affidavit, therefore, does nothing to demonstrate what efforts Nguyen took to serve Brandon in the period between the Court's August 14, 2019 order and the date that Nguyen filed the underlying motion. Thus, the Galliher affidavit does not establish good cause.

Nguyen's motion contains a second affidavit by process server Helene Falkner. *Id.* at 22. Falkner's affidavit purports to establish her "due and diligent effort" to serve Brandon.[2] *Id.* Falkner attests that she hired a process server in Tennessee and supplied him with an address to locate Brandon in Union City, Tennessee. *Id.* The Tennessee process server apparently attempted to locate Brandon at that address four times, but Falkner has been unable to acquire an affidavit of non-service detailing those efforts. *Id.* Falkner does not state how she acquired the Union City, Tennessee address, nor whether the address is to Brandon's home, the home of a family member, or his place of employment. Nor does the affidavit detail whether Falkner performed a skip trace to try and identify an alternative address for Brandon. In short: the affidavit lacks the requisite detail to establish good cause. Nothing else in the motion—which was filed one day **after** the enlarged time for service had expired—establishes good cause at the first step of the Court's Rule 4(m) analysis.

The Court warns Nguyen that the second step presents a close question but the Court ultimately finds that Nguyen has established, at a minimum, excusable neglect. Nguyen asserts that he has had trouble serving Brandon because of a lack of communication from the Tennessee process server. The Court credits Nguyen that he took volitional step of having a local process server hire a Tennessee process server to serve Brandon. Further, this matter has not advanced beyond the pleading stage and discovery has not opened. Thus, Brandon will not be prejudiced

---

[2] Curiously, Falkner's affidavit states that she "received" the assignment to serve Brandon "on September 4, 2019," which is the day that Nguyen filed the underlying motion.

by a further extension of the time for service. At this juncture, therefore, granting Nguyen's request for an extension will serve "the just, speedy, and inexpensive determination" of this matter. *See* FED. R. CIV. P. 1. The Court finds that, pursuant to Rule 4(m), an extension of 90 days is "an appropriate period" due in part to Nguyen's intent to seek service by publication under Nevada law, which requires a publication period of at least four weeks. *See* NRCP 4.4(c)(4)(A); FED. R. CIV. P. 4(m).

**B. Service of process.**

The Constitution does not require any particular means of service of process. *Rio Props., Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002) (citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). Instead, it requires only that service "be reasonably calculated to provide notice and an opportunity to respond." *Id.* To that end, service of process is governed by Rule 4 of the Federal Rules of Civil Procedure.

Rule 4(e) governs service of individuals located within a judicial district of the United States. FED. R. CIV. P. 4(e). It provides that service is proper by serving an individual in accordance with law of the state where the district court is located. FED. R. CIV. P. 4(e)(1). This Court is located in the District of Nevada. NRCP 4.4(c), in turn, allows for service by publication.

A litigant who desires to effect service by publication must meet eight requirements. NRCP 4.4(c).[3] The litigant must (1) establish that "the service methods provided in [NRCP] 4.2,

---

[3] NRCP 4.4 provides:

(c) **Service by Publication.** If a party demonstrates that the service methods provided in Rules 4.2, 4.3, and 4.4(a) and (b) are impracticable, the court may, upon motion and without notice to the person being served, direct that service be made by publication.
  (1) **Conditions for Publication.** Service by publication may only be ordered when the defendant:
    (A) cannot, after due diligence, be found;
    (B) by concealment seeks to avoid service of the summons and complaint; or
    (C) is an absent or unknown person in an action involving real or personal property under Rule 4.4(c)(3).
  (2) **Motion Seeking Publication.** A motion seeking an order for service by publication must:
    (A) through pleadings or other evidence establish that:
      (i) a cause of action exists against the defendant who is to be served; and
      (ii) the defendant is a necessary or proper party to the action;
    (B) provide affidavits, declarations, or other evidence setting forth specific facts demonstrating the efforts that the plaintiff made to locate and serve the defendant;
    (C) provide the proposed language of the summons to be used in the publication, briefly summarizing the claims asserted and the relief sought and including any special statutory requirements;
    (D) suggest one or more newspapers or other periodicals in which the summons should be published that are reasonably calculated to give the defendant actual notice of the proceedings; and

4.3, and 4.4(a) and (b) are impracticable";[4] (2) demonstrate that the defendant cannot, after due diligence, be found, or that the defendant seeks to avoid service of process through concealment; (3) establish through pleadings or other evidence that a cause of action exists against the defendant; (4) demonstrate that the defendant is a necessary or proper party to the action; (5) set forth specific facts demonstrating the efforts plaintiff made to locate and serve the defendant; (6) provide the proposed language of the summons to be used in the publication, briefly summarizing the claims asserted and the relief sought; (7) suggest one or more newspapers in which the summons should be published that are reasonably calculated to give the defendant actual notice; and (8) provide the defendant's last-known address, the dates during which defendant lived at that address, and confirmation that plaintiff is unaware of any other address at which defendant has resided since that time or at which defendant can be found. NRCP 4.4(c).

Here, the Court finds that Nguyen has not made the requisite showing under NRCP 4.4(c)—and, by extension, federal Rule 4(e)(1)—to effect service of process upon Brandon by publication. To begin, Nguyen cited an outdated version of Nevada's rule for service by publication. Further, Nguyen addressed hardly any of NRCP 4.4(c)'s requirements. Nguyen's motion does not indicate what efforts he undertook to locate Brandon beyond simply hiring a process server. For example, Nguyen does not indicate whether the process server performed a skip trace, what databases the process server searched, what addresses the search yielded, when Brandon purportedly lived at those addresses, and why service under NRCP 4.2, 4.3, 4.4(a), and 4.4(b) is impracticable. Therefore, the Court will deny Nguyen's motion. If Nguyen chooses to file a new motion, he must address **all** of NRCP 4.4(c)'s requirements.

---

(E) if publication is sought based on the fact that the defendant cannot be found, provide affidavits, declarations, or other evidence establishing the following information:
    (i) the defendant's last-known address;
    (ii) the dates during which the defendant resided at that location; and
    (iii) confirmation that the plaintiff is unaware of any other address at which the defendant has resided since that time, or at which the defendant can be found.

[4] NRCP 4.2 tracks federal Rule 4(e)(2) and permits service of an individual by either delivering a copy of the summons and complaint to the individual personally, leaving the copies at the individual's dwelling with a person of suitable age and discretion, or delivering the copies to an agent authorized by appointment or by law to receive service of process. NRCP 4.2(a); FED. R. CIV. P. 4(e)(2). NRCP 4.3 governs service of individuals located outside Nevada or outside the United States. NRCP 4.4(a) governs service in a manner prescribed by statute. And NRCP 4.4(b) governs service "through any alternative service method."

### III. Conclusion.

IT IS THEREFORE ORDERED that Nguyen's motion for service by publication (ECF No. 62) is DENIED without prejudice.

IT IS FURTHER ORDERED that if Nguyen wishes to file another motion for service by publication, he must do so by March 30, 2020.

IT IS FURTHER ORDERED that the time to effect service upon defendant Zachary Brandon is extended to June 8, 2020.

IT IS FURTHER ORDERED that Nguyen must file proof of service regarding Coleman and Rivera within thirty days of this order. If Nguyen fails to file the proofs within thirty days, the Court will issue an order to show cause for why the Court should not dismiss the claims against Coleman and Rivera for lack of service.

DATED: March 9, 2020.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE