**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Duke Thomas Nguyen, | Case No. 2:18-cv-01717-RFB-BNW |
| Plaintiff, | |
| v. | **ORDER** |
| PTS of America, LLC., et al., | |
| Defendant. | |

Before the Court is plaintiff Duke Thomas Nguyen's response to the Court's order to show cause. ECF No. 82. The Court issued its May 5, 2020 order to show cause directing Nguyen to account for his failure to file a proof of service as to defendant Ryan Rivera. Nguyen responded to the order to show cause but failed to address service upon Rivera and instead wrote that he was "willing and able to proceed without [Zachary] Brandon as a defendant." Thus, the Court's order to show cause remains unsatisfied. Now, the Court orders Nguyen to clarify whether he consents to the dismissal of Rivera and Brandon as defendants in this action. If Nguyen does not consent, then he must show cause in writing for why Rivera and Brandon should not be dismissed for failure to file a proof of service in accordance with Rule 4(m).

**I.   Background.**

Nguyen invokes the Court's federal question jurisdiction and asserts that defendants violated his rights under the United States Constitution, in violation of 42 U.S.C. § 1983. ECF No. 48 at 2, 14–21. Nguyen filed a second amended complaint on May 6, 2019, and it remains the operative complaint in this matter. *Id.*

The operative complaint is the first to name defendants Zachary Brandon, Ryan Rivera, and Michael Coleman. *See id.* at 1. On August 14, 2019, this Court extended Nguyen's deadline to serve Rivera and Brandon to September 3, 2019. ECF No. 61.

On September 4, 2019, Nguyen again moved to extend the time for service upon Brandon—but not Rivera—and to effect service upon Brandon by publication. ECF No. 64 at 3. In the motion, Nguyen noted that he had completed service upon every defendant except Brandon, including defendants Rivera and Coleman. *Id.*

The Court extended the time to serve Brandon until June 8, 2020, denied Nguyen's motion to serve Brandon by publication, and—based on Nguyen's representation that he had served all defendants except Brandon—ordered Nguyen to file proofs of service as to Rivera and Coleman by April 8, 2020. ECF No. 77 at 6. The Court warned Nguyen that failure to file proofs of service as to Rivera and Coleman would result in an order to show cause. *Id.*

Nguyen filed a proof of service as to Coleman but failed to file a proof of service as to Rivera. *See* ECF No. 80. Therefore, on May 21, 2020, Nguyen was ordered to show cause for why this Court should not recommend to the district judge that Rivera be dismissed from this action. ECF No. 81. The Court warned Nguyen that failure to comply with the order to show cause could result in sanctions up to and including a recommendation of dismissal. *Id.*

Nguyen purports to have responded to the order to show cause. ECF No. 82. In his response, Nguyen writes that he hired a process server who has made "multiple unsuccessful attempts" to serve the complaint on "individual defendants." *Id.* at 2. Nguyen concluded that he "is willing and able to proceed without [] **Brandon**" as a defendant, but he did not mention service upon Rivera. *Id.* (emphasis added).

**II.     Discussion.**

Rule 4 allots 90 days to serve a defendant with the complaint. Fed. R. Civ. P. 4(m). The 90-day clock begins to run on the day that plaintiff files the first complaint naming a particular defendant. *Holmes v. Andre Agassi College Prep Acad.*, No. 2:12-cv-KJD-VCF, 2012 WL 2838604, at *1 (D. Nev. July 10, 2012) (construing a prior version of Rule 4(m) imposing a 120-day deadline for service) (citing *Bolden v. City of Topeka*, 441 F.3d 1129, 1148

(10th Cir. 2006)).  Once the 90-day period for service has expired, the unserved defendant "shall be dismissed without prejudice" unless plaintiff can show good cause for failing to serve the defendant in accordance with Rule 4(m).  *Townsel v. Contra Costa Cnty., Cal.*, 820 F.2d 319, 320 (9th Cir. 1987).

Here, the time for service upon Rivera expired on September 3, 2019 (ECF No. 61), and to date no proof of service has been filed.  Further, although the time for service upon Brandon does not expire until June 9, 2019 (ECF No. 77), the Court believes that based on Nguyen's representations, he does not intend to effect service upon Brandon.  *See* ECF No. 82 ("Plaintiff is willing and able to proceed without Mr. Brandon as a defendant.").

Now, the Court orders Nguyen to file a new response to the Court's order to show cause by June 10, 2020.  In his new response, Nguyen must indicate whether he consents to the dismissal of Rivera and Brandon as defendants in this action.  If Nguyen does not consent, then in his new response, he must show cause in writing for why Rivera and Brandon should not be dismissed for failure to file a proof of service in accordance with Rule 4(m).

### III. Conclusion.

IT IS THEREFORE ORDERED that the Court's order to show cause (ECF No. 81) remains UNSATISFIED.

IT IS FURTHER ORDERED that Nguyen must file a new response to the Court's order to show cause by June 10, 2020.  In his response, Nugyen must indicate whether he consents to the dismissal of Rivera and Brandon as defendants in this action.  If Nguyen does not consent, then he must show cause in writing for why Rivera and Brandon should not be dismissed for Nguyen's failure file a proof of service in accordance with Rule 4(m).

DATED: June 2, 2020.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE